**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-30834**
_____

**JOHN W. FULLER,**

**Plaintiff-Appellant,**

**versus**

**POLICE DEPARTMENT OF BOSSIER CITY;**
**R.A. REHIFORD; PAYNE, SGT.;**
**C.D. PULLY; J.C. RABURN,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(CA-94-1249)**
_____

March 7, 1996

Before BARKSDALE, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

John W. Fuller, _pro se_ and _in forma pauperis_, challenges the summary judgment granted all defendants in his § 1983 action, springing from alleged injury by officers of the Bossier City Police Department following his arrest in 1994. Fuller claimed excessive force and denial of medical treatment. We **AFFIRM**.

I.

The complaint alleged that, when Fuller was arrested, the arresting officers were informed that he had previously injured his left hand; that Sgt. Payne pushed him into a police car while

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

making threatening gestures; that, at the city jail, Officer Reliford deliberately pulled Fuller from a chair by his thumb and injured it; and that, in spite of medical technicians' instructions that Fuller should be taken to the hospital for medical treatment for his hand, he was jailed without such care for three weeks. In response to a summary judgment motion, Fuller stated by affidavit that it was Rayburn, not Reliford, who injured his thumb; that Rayburn twisted the thumb until the bone was broken; and that paramedics informed the officers that Fuller's thumb should be examined by a doctor.

The magistrate judge recommended that the claims against the City and all officers except Rayburn be dismissed. As for Rayburn, the magistrate judge concluded that, because Fuller's affidavit (in contrast to his complaint) fixed the cause of injury on Rayburn, this presented a genuine issue of material fact.

Fuller and Rayburn filed objections to the report and recommendation. Fuller objected regarding his claims against the City[1], against Payne and the City in their "supervisory capacities", and concerning medical treatment.[2]

Contrary to the recommendation, the district judge granted summary judgment to all defendants. As for Rayburn, the court held

---

[1] Fuller's objections are somewhat vague, however we construe them liberally to have stated an objection to the recommendation that the City be granted summary judgment.

[2] Again, Fuller's objections are vague. Although his objections lack any clear statement of precisely which defendants he intended to be the objects of his medical treatment claim, we liberally construe the objection to preserve the issue against each of the officers.

that the allegation in the complaint that Reliford, not Rayburn, injured Fuller, constituted a binding judicial admission.

## II.

We review a summary judgment *de novo*. *E.g.*, ***Woods v. Smith***, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, __ U.S. __, 116 S. Ct. 800 (1996). In issue are whether Fuller presented evidence sufficient to hold in the City and the officers, and whether he was bound by the allegation in his complaint fixing blame on Reliford, not Rayburn.

## A.

Fuller sought to hold the officers liable in their official capacity.[3] Therefore, the real party in interest is the City. ***Hafer v. Melo***, 502 U.S. 21, ___, 112 S. Ct. 358, 361 (1991). And, Fuller must establish that the officers acted pursuant to an official policy or custom of the City. ***Monell v. Department of Social Services***, 436 U.S. 658 (1978). But, he did not present any facts to support such a claim. The City is entitled to summary judgment.

---

[3] Although Fuller expressed a desire to sue the officers only in their official capacities, the magistrate judge construed the complaint liberally to assert claims against the officers in their individual capacities as well, because a construction that limited the complaint to official capacity claims would have defeated them for the reasons discussed *infra*.

B.

1.

Fuller asserted that Payne and the City were liable under a theory of "supervisory liability". The claim against the City fails for the reasons discussed above.

Fuller alleged that an officer used excessive force against him while supervisors looked on and laughed. As is well known, however, § 1983 liability does not attach, on any theory of vicarious liability, to supervisory officials. *E.g.*, **Thompkins v. Belt**, 828 F.2d 298, 303 (5th Cir. 1987). Personal liability of a supervisor must be based upon either personal involvement in the acts giving rise to a deprivation of civil rights or upon implementation by the supervisor of a policy so deficient that the policy itself constitutes a repudiation of constitutional rights. *Id*. at 304. Once again, Fuller did not present any facts to support either prong. Summary judgment was proper on the "supervisory liability" claims.

2.

Fuller did not present facts that would support his claim that Payne,[4] Pulley, Rayburn and Reliford[5] were in any way

---

[4] Fuller also asserted that Payne threatened and cursed him during the arrest. This does not state a cognizable constitutional injury. **McFaddin v. Lucas**, 713 F.2d 143, 146 (5th Cir. 1983) (noting that mere threatening language and gestures do not amount to constitutional violations), *cert. denied*, 464 U.S. 998 (1984).

[5] Because, as of his summary judgment response, Fuller no longer claimed Reliford injured his hand, Fuller's claims against Reliford (who was never served) were considered to be the same as those against Payne and Pulley.

4

responsible for the alleged deprivation of medical treatment. A defendant must be either personally responsible for acts causing the deprivation of a constitutional right, or a causal connection must exist between an act of the defendant and the asserted harm. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The officers were entitled to summary judgment.

C.

As noted, the district judge rejected the magistrate judge's recommendation that the claim against Rayburn, presented through Fuller's summary judgment affidavit, should survive. The district judge held that Fuller's allegations in his complaint were binding judicial admissions.

It goes without saying that, although we construe *pro se* pleadings liberally, *pro se* litigants must abide by procedural rules. *E.g.*, *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). While the district court might have chosen, within its discretion, to construe the affidavit as a motion for leave to amend, denial of such a motion would have also been within that discretion. Leave to amend under FED. R. CIV. P. 15 is "by no means automatic, and we have affirmed denials when the moving party engaged in undue delay or presented theories of recovery *seriatim* to the district court". *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993) (footnotes omitted) (italics added). In exercising its discretion, the district court may consider, *inter alia,* bad faith or dilatory

5

motive on the part of the movant. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Evidence in the record that Fuller changed his theory only upon failing to serve Reliford and upon learning that he was no longer with the department and that Rayburn had earned a black belt in Karate could have supported such a finding of bad faith. Having found that the district court would have been well within its discretion to deny a motion for leave to amend had Fuller made one, we conclude that the court did not err when it did not construe the affidavit as such a motion.

Because Fuller did not amend his complaint to allege that Rayburn, not Reliford, had injured him, summary judgment was proper for Rayburn.[6]

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

---

[6] Fuller states in his brief that he attempted to amend his complaint before the defendants moved for summary judgment. He asserts that he forwarded his motion for leave to amend and his second amended complaint to the district court clerk for filing, but that neither the magistrate judge nor the district judge addressed the motion. However, our review of the record on appeal reveals no such documents.

Between the entry of the district court's ruling and its judgment, Fuller sought, *inter alia*, to have Rayburn joined as a defendant. On appeal, he does not raise this as an issue.